UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAKAILYA U. RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:11-cv-01516-DKL-TWP |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on Defendant's Motion to Alter or Amend Judgment. [Dkt. 41.] On May 21, 2013, the Court granted Plaintiff's Motion for Fees under the EAJA at a reduced amount. [Dkt. 40.] Defendant, Acting Commissioner of Social Security, now asserts that new evidence establishes that Plaintiff's counsel has not complied with the requirements of the EAJA and the Court should alter its judgment and deny fees. [Dkt. 42 at 1-2.]

In support of her request, Defendant cites recent decisions from courts in this district that denied Plaintiff's counsel fees based upon his failure to keep contemporaneous time records of the actual time expended in the cases as required by the EAJA. *See e.g. J.M.S. a minor by her father, Jeremy Spencer v. Carolyn Colvin*, 1:11-CV-00243-WTL-TAB (S.D. Ind. 2013); *Trina Beck v. Carolyn Colvin*, 1:11-CV-1233-WTL-TAB (S.D. Ind. 2013); *Dallas Jacobs v. Carolyn Colvin*, 1:11-CV-1088-DML-WTL (S.D. Ind. 2013).

Defendant asserts that because Plaintiff's counsel was unable to produce itemized time sheets for actual work performed in those cases, the Court should alter its judgment and retroactively deny fees in this case.

Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence. *Sigsworth v. City of Aurora,* 487 F.3d 506, 511-12 (7th Cir.2007).  Motions under Rule 59(e) *cannot* be used to present evidence that could have been presented before judgment was entered. *Id.* at 512.  During the EAJA fee briefing process, Defendant argued that Plaintiff's counsel's enhanced hourly rate was not justified and that he spent an unreasonable amount of time on certain tasks.  At no point did Defendant argue or even imply that Plaintiff's counsel's billing practices did not meet the requirements of the EAJA.  Based upon the sheer volume of cases counsel for these parties' have together, Defendant's counsel could have examined the fee applications and drawn the same conclusions and made the same arguments as the court in the cited cases.  As Defendant pointed out in her brief in support of this Motion, Magistrate Judge Lynch noted as early as 2011 that Plaintiff's counsel had documented an identical number of hours for every major pleading in numerous cases within an eighteen-month period.  [Dkt. 42 at 4.]  Yet Defendant failed to take notice of Judge Lynch's observation and assert this argument in future cases such as this one.  Instead, the court had to address the issue on its own.

This Court is confident Plaintiff's counsel has received the message sent by District Judge Lawrence and Magistrate Judge Lynch to begin maintaining contemporaneous time records if he expects to receive attorney's fees under the EAJA in

the future.  As Defendant failed to present this argument during the EAJA fee petition briefing, the Court does not see a need to alter its judgment in this case.  Defendant's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) is therefore **DENIED**.

Date: 07/30/2013

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov